Mark D. Samson, Esq. (SBN 011076)
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822

T. David Copley, Esq. (SBN 009952)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Harris L. Pogust, Esq. (*pro hac vice* forthcoming)
Andrew J. Sciolla, Esq. (*pro hac vice* forthcoming)
POGUST BRASLOW & MILLROOD, LLC
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204
Fax: (610) 941-4245

*Attorneys for Plaintiff and FLSA Class*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Vickie Guanzon, Individually and on Behalf of All Other Similarly Situated Current and Former Employees,<br><br>Plaintiff,<br><br>vs.<br><br>Vixxo Corporation, a Maryland corporation,<br><br>Defendants. | No.<br><br>COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

1

1. Plaintiff Vickie Guanzon, individually and on behalf of all other similarly situated current and former employees of Vixxo Corporation ("Defendant"), by and through undersigned counsel, hereby bring this joint Class Action and Collective Action Complaint ("Complaint") against Defendant and allege as follows:

2. Under applicable federal and state employment laws, non-exempt employees are entitled to compensation for every hour worked and premium overtime compensation for work completed over forty (40) hours per week.

3. Defendant has improperly labeled persons employed in the position of "Team Lead" across the country as being exempt from overtime pay requirements under state and federal law.

### I.   PARTIES

4. Plaintiff Vickie Guanzon is a California resident and citizen who currently resides in Yuba County, California and was employed by Defendant as a Team Lead while living in Arizona between April 15, 2015 and August 19, 2016. Plaintiff Guanzon estimates that she worked up to 70 hours per week, including up to 30 unpaid overtime hours per week. Plaintiff Guanzon hereby consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

5. Defendant Vixxo Corporation is a Maryland corporation located in Linthicum, Maryland. Upon information and belief, Vixxo maintains a principal place of business located at 11333 N. Scottsdale Road, Scottsdale, Arizona 85260. At all relevant times herein, Defendant was and/or continues to be licensed to do business and was actually doing business in this District.

6. Defendant Vixxo was formed by the merger of two predecessor facility management companies—First Service Networks and FM Facility Maintenance.

7. Upon information and belief, Defendant Vixxo is licensed to do business and actually doing business in Arizona, California, Texas, Illinois, Indiana, Florida and Connecticut among other states. It is believed that Vixxo has 10 or more offices across the United States with more than 1,000 employees.

8. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as an FLSA collective action on behalf of the following class of potential opt-in litigants: All current and former Team Leads as well as similarly situated current and former employees holding comparable positions but different titles, who were employed by Defendant in the United States during the time period three years prior to the filing of the complaint to the present and who opt-in to this collective action (the "FLSA Class").

9. FLSA Class members are referred to in this Complaint as "Class Members" or "Class Plaintiffs."

## II.   JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

11. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and Defendant is subject to this Court's personal jurisdiction with respect to the civil action in question. Defendant conducts and solicits

business in this district and has done so at all times mentioned in this Complaint, including the employment of Team Leads and the alleged wage and hour violations set forth in this Complaint regarding Team Leads.

### III.   FACTUAL ALLEGATIONS

12. Defendant provides facility maintenance and management to retail, restaurant, convenience and grocery stores. According to Defendant, "Vixxo is a technology-enabled asset management company that provides facility, intelligent energy and construction management services for clients with geographically-dispersed portfolios throughout North America."

13. Vixxo manages over 1 million stores/branches in 65,000 locations for international brands such as Starbucks, 7-Eleven and Michaels. Whenever a particular branch has a maintenance issue – such as a roof leak or broken window – the branch calls their point of contact at Vixxo, a Team Lead, who then arranges a local service provider to complete the maintenance for the branch consistent with client and Vixxo standards.

14. Throughout the three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Relevant Time Period"), Plaintiff and the FLSA class performed the following primary job duties, which are uniform among all Team Leads, and similar positions, as a matter of Vixxo corporate policy:

    A.    Answering telephone calls from Vixxo clients with facilities issues;

    B.    Following detailed Vixxo protocol to notify an approved vendor and schedule a service call;

    C.    Inform Vixxo client that a service call has been scheduled;

D.	Provide updated scheduling information as necessary; and

E.	Inform Vixxo Sales Representative of developments.

15.	Defendant, through the actions of its agents, engaged in a consistent and definitive pattern of classifying Plaintiff and the FLSA Class Members as exempt employees in order to avoid paying them for all hours worked, including overtime hours at a premium rate.  However, the duties that Plaintiff and the FLSA Class Members performed do not qualify under any of the exemptions that exist under the federal Fair Labor Standards Act ("FLSA"), 14 U.S.C. § 216 (a), *et. seq*.

16.	Plaintiff and the FLSA Class Members do not meet the criteria to be classified as exempt under the "executive exemption" as they perform few, if any, "managerial" duties. Instead, their primary job duties involve tracking service calls, revising estimated times of arrival for service calls, reporting on the status of service calls to outside sales representatives, and performing other non-managerial duties.  Moreover, Plaintiff and Class Members do not *customarily* and *regularly* direct the work of *at least* two or more other full-time employees or their equivalent.  Rather, Plaintiff and the FLSA Class Members track the arrival times and absences of other employees and report attendance information to a "team manager," who is a direct supervisor of the Team Lead position. Plaintiff and the FLSA Class Members have no authority to hire or fire any employees, do not participate in any employee reviews and do not contribute to any decisions about the advancement or change in status of any full-time employees.

17.	Plaintiff and the FLSA Class Members do not meet the criteria to be classified as exempt under the "administrative exemption" as their primary duties include

5

tracking service calls, revising estimated times of arrival for service calls, and reporting on the status of service calls to outside sales representatives. The performance of their duties does not include the exercise of discretion and independent judgment with respect to matters of significance to Defendant.

18. Plaintiff and the FLSA Class Members do not formulate, interpret, or implement management policies and practices. Team Leads cannot deviate from established policies and procedures without prior approval. Team Leads do not carry out major assignments in the operations of the business. Team Leads cannot commit the Defendant to any matters that have significant financial impact to the business. Instead, the Team Leads' core duties are customer service and scheduling service appointments.

19. Plaintiff's and the FLSA Class Members' work required no specialized skill and no capital investment. Nor did it include managerial responsibilities, the sales of goods or services, or the exercise of meaningful judgment and discretion.

20. Upon information and belief, Defendant did not perform a person-by-person analysis of Plaintiff's and the FLSA class Members' job duties when making the decision to classify all of them uniformly as exempt from the overtime provisions of the FLSA and state law.

21. At all relevant times, Defendant had actual and constructive knowledge that Plaintiff and the FLSA class Members worked more than 40 hours in a work week and were not paid at all for overtime hours.

22. At all relevant times, Defendant was aware or recklessly disregarded the fact that Plaintiff's and the FLSA class Members' job duties did not qualify for any exemption

6

to the overtime pay requirements of FLSA and its state law counterparts. Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

23. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the Relevant Time Period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the FLSA Class Members. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the FLSA Class Members to record all the hours they worked.

### IV. COLLECTIVE ACTION ALLEGATIONS

24. This action is properly maintained as a collective action pursuant to 29 U.S.C. § 216(b) because Plaintiff is similarly situated to all other members of the FLSA Class.

25. The uniform employment policies and practices of Defendant have resulted in common questions of law and fact including the following, which make the Plaintiff and the FLSA Class Members similarly situated:

    A. Whether Defendant has a policy of misclassifying Team Leads, and comparable positions, as exempt employees;

    B. Whether Defendant has failed and/or refused to properly pay Plaintiff and the FLSA Class Members for all compensable overtime hours; The nature and

  C. extent of the injury and the appropriate measure of damages for Plaintiff and the FLSA Class Members; and

  D. Whether Defendant's failure and/or refusal to pay Plaintiff and the FLSA Class Members for all compensable overtime was done willfully or with reckless disregard of the law.

26. Effective notice of the pendency and any resolution of this action can be provided to the FLSA Class members by mail, print, internet publication, physical posting, telephone, and email.

27. Plaintiff estimates that there are hundreds of FLSA Class Members throughout the United States who either currently work for or previously worked for Defendant during the relevant time period. The precise number of employees can be easily ascertained by Defendant using its payroll and personnel records.

**CLAIM FOR RELIEF:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §§ 201 *ET SEQ.***

28. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

29. At all relevant times, Defendant has been and continues to be a covered employer within the meaning of the FLSA.

30. Defendant has engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. Defendant has had annual gross revenues in excess of $500,000 for all relevant periods herein.

32. At all relevant times, Defendant employed and/or continues to employ Plaintiff and the FLSA Class Members, who were engaged in commerce or the production of goods for commerce, within the meaning of the FLSA.

33. Pursuant to the FLSA, all non-exempt employees must be compensated for overtime hours at a rate equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week, unless the employees are proven to be exempt from the protection of overtime laws.

34. Defendant knew and willfully ignored the fact that Plaintiff and the FLSA Class Members did not perform the duties and responsibilities necessary to qualify as exempt employees under the FLSA.

35. Rather, Defendant has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA by misclassifying Plaintiff and the FLSA Class Members as exempt employees and refusing to properly pay these employees for all hours worked, including amounts owed for overtime.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a direct and proximate cause of Defendant's actions, Plaintiff and the FLSA Class Members suffered damages, including but not limited to their unpaid compensation, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

38.     **WHEREFORE**, Plaintiff respectfully prays this Court to:

A.      Issue an Order designating this action as an FLSA collective action on behalf of Plaintiff and the FLSA Class, ordering prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated FLSA Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B.      Enter a declaratory judgment that Defendant violated Plaintiff's and the FLSA Class Members' rights under the FLSA;

C.      Enjoin Defendant to comply with all applicable wage laws;

D.      Award to Plaintiff and the FLSA Class Members their respective unpaid wages, including overtime wages in accordance with the FLSA;

E.      Award to Plaintiff and the FLSA Class Members liquidated, treble, and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

F.      Award damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.      Award prejudgment and post-judgment interest;

H.      Award costs and expenses of this action together with reasonable attorneys' and expert fees, and a service award to Plaintiff; and

I.      Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

DATED this 18th day of April, 2017.

/s/ Mark D. Samson
Mark D. Samson
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
msamson@kellerrohrback.com

T. David Copley
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
dcopley@kellerrohrback.com

Harris L. Pogust (*pro hac vice* forthcoming)
Andrew J. Sciolla (*pro hac vice* forthcoming)
POGUST BRASLOW & MILLROOD, LLC
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204
Fax: (610) 941-4245
hpogust@pbmattorneys.com
asciolla@pbmattorneys.com

***Attorneys for Plaintiff***