# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickie Guanzon,<br><br>    Plaintiff,<br><br>v.<br><br>Vixxo Corporation,<br><br>    Defendant. | No. CV-17-01157-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Vickie Guanzon's Motion for Conditional FLSA Collective Action Certification and Notice. (Doc. 19). For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

Defendant Vixxo Corporation is a facilities management company servicing various retail stores and restaurants throughout the United States and Canada. (Doc. 1 at ¶ 12). Vixxo operates multiple service centers throughout the country to respond to its clients' needs. These service centers are located in Arizona, California, Texas, Illinois, Indiana, Florida, Connecticut, and possibly other states. (Doc. 1 at ¶ 7).

Plaintiff Vickie Guanzon worked as a Customer Service Team Lead at Vixxo's Arizona location between April 2015 and August 2016. (Doc. 1 at ¶ 4). Vixxo has a company policy that all Team Leads are salaried employees and are exempt from receiving overtime pay under the Fair Labor Standards Act's ("FLSA") administrative or

executive exemptions. (Doc. 18 at 4; Doc. 27 at 14). Ms. Guanzon alleges that her position required her to answer phone calls from Vixxo clients, resolve the client's issue according to Vixxo protocols, and provide updates to the clients and Vixxo sales representatives. (Doc. 1 at ¶ 14). Considering her responsibilities, Ms. Guanzon further alleges that Vixxo wrongfully classified the Team Lead position as exempt from overtime compensation. (Doc. 1 at ¶ 15). She claims that she regularly worked more than forty hours per week, and Vixxo is obligated under FLSA to pay her overtime. (Doc. 1 at ¶ 4).

Another Team Lead, Mark Fagen, signed a declaration that he worked as a Team Lead in Vixxo's Arizona office between January 2015 and April 2016. (Doc. 19-4 at ¶ 3). Like Ms. Guanzon, Mr. Fagen claimed that he primarily answered phone calls from Vixxo clients, followed a specific protocol to resolve the issue, and reported any developments to the client and Vixxo sales representatives. (Doc. 19-4 at ¶ 6). Mr. Fagen similarly claimed that Vixxo paid him a base salary and never paid overtime, even though he regularly worked more than forty hours per week. (Doc. 19-4 at ¶ 4). He also testified from experience and direct observation that other Team Leads in the Arizona office also responded to client calls according to the same protocol, regularly worked more than forty hours per week, and never received overtime compensation. (Doc. 19-4 at ¶¶ 11–13). Mr. Fagen believes that Team Leads in other Vixxo locations have similar experiences, although he does not have personal knowledge of this fact. (Doc. 19-4 at ¶ 4).

Ms. Guanzon presented the court with job descriptions for Customer Service Team Leads in other Vixxo offices. In Los Angeles, the Team Lead is described as "the primary liaison" between the client and Vixxo facility maintenance. (Doc. 19-2). The listed responsibilities include interacting with clients and contractors, reviewing rates, and monitoring services. (Doc. 19-2). Five other branches in Maryland, Indiana, and Texas describe the Team Lead position in nearly identical terms. (Doc. 19-5). The Arizona branch where Ms. Guanzon and Mr. Fagen worked also described the Team Lead position in these same words. (Doc. 19-5).

On April 18, 2017, Ms. Guanzon filed a putative collective action complaint claiming relief under FLSA. (Doc. 1). She subsequently requested this Court to certify a conditional collective action under 29 U.S.C. § 216(b).

**DISCUSSION**

**I.     Legal Standard**

An employee may bring an FLSA collective action on behalf of herself and other employees who are "similarly situated." 29 U.S.C. § 216(b). However, neither the statute nor the Ninth Circuit defines the phrase "similarly situated." To determine whether employees are similarly situated under FLSA, District courts within the Ninth Circuit generally follow a two-step approach. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). At the first step, courts conditionally certify a collective action if the plaintiff presents "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)) (other citations omitted). If the plaintiff meets this burden, the potential members of the collective action are notified and presented the opportunity to opt-into the lawsuit. *Colson*, 687 F. Supp. 2d at 925. At the second step, which takes place after notification and discovery, defendants may move to decertify the class, and the Court revisits the question of whether the class members are similarly situated. *Id.* The second step applies a much stricter standard than the initial notification step. *Id.*

Because plaintiffs bring motions for conditional certification prior to significant opportunities for discovery, and because potential - members to the collective action must opt-in, plaintiff's burden for conditional certification is light. *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007). This fairly lenient standard in the Ninth Circuit typically results in conditional certification. *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015). "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial

1 efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. State of Arizona*, 1993 WL 603552, at *1 (D.Ariz. Sept. 30, 1993). Plaintiffs may not, however, rely on mere allegations, but must provide some factual basis that potential plaintiffs are similarly situated. *See Shaia*, 306 F.R.D. at 272; *Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010). Further, at this initial notification stage, "the Court is concerned only with whether a definable group of similarly situated plaintiffs exists." *Warren v. Twin Islands, LLC*, 2012 WL 346681 at *2 (D. Idaho Feb. 2, 2012). Thus, in determining whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action. *Colson*, 687 F. Supp. 2d at 926.

**II. Analysis**

Ms. Guanzon has met the lenient standard for notifying potential class members about opting into the class. First, Ms. Guanzon has presented a sufficient factual or legal nexus to support her allegation that Vixxo Team Leads are similarly situated, especially considering the limited opportunities for discovery up to this point. Based on Ms. Guanzon's complaint, Mr. Fagen's declaration, Vixxo's three job descriptions in its Response, and the five job postings in various Vixxo locations, Team Leads are primarily responsible for answering clients' phone calls and resolving clients' issues. Further, Vixxo admits that it uniformly exempts all Team Leads from FLSA protections. Together, these facts sufficiently substantiate Ms. Guanzon's claims that Team Leads are the subjects of a Vixxo policy that exempts them from overtime pay. Although Vixxo claims that different Team Leads working in different locations for different clients are not similarly situated, this claim is not supported by the identical language in the job postings for Team Leads in multiple locations and for different clients. Whether the differences between Team Leads are substantial enough to defeat collective action is a question better resolved at the second stage of analysis after a period of discovery.

Second, notifying potential class members would promote judicial efficiency and comport with the broad remedial policies underlying the FLSA. Ms. Guanzon suggests

that the potential group "involves less than 150 employees." (Doc. 34 at 6, n. 1).

### III. Judicial Notice

Due to Vixxo's assurance that all Customer Service Representatives are nonexempt and paid for overtime, (Doc. 28 at n. 5), the Court authorizes notification only for current and former "Customer Service Team Leads" employed by Vixxo throughout the United States from three years prior to the issuance of the Notice to present. Of those individuals, Customer Service Team Leads who were not paid overtime compensation for hours worked beyond forty (40) in a week at a rate not less than one and one-half (1.5) times their regular wage may sign an agreement to join the collective action.

Ms. Guanzon did not propose many specific details concerning the manner and form of judicial notice. She instead proposed to meet and confer with Defendant to resolve these questions. In the briefing, the parties specifically disputed whether standard mail should be the lone method for contacting potential plaintiffs. At least two district courts within the Ninth Circuit have recently allowed for email notification. *Leona Marino v. CACafe, Inc.*, 2017 WL 5713390, at *5 (N.D. Cal. Nov. 9, 2017); *Desio v. Russell Road Food and Beverage*, 2017 WL 4349220, at *4–*5 (D. Nev. Sept. 29, 2017) (granting plaintiff's request to contact members by mail and email and to send text message notifications). Email is a standard form of communication; thus, in this case, the Court declines to limit notification to standard mail. Concerning telephone numbers, plaintiff's stipulation to request phone numbers only for potential class members after contact via standard mail and email have failed is reasonable.

## CONCLUSION

For the reasons above, the Court conditionally certifies a class of Vixxo Customer Service Team Leads pursuant to 29 U.S.C. § 216(b), and Ms. Guanzon's Motion for Conditional Certification is granted in part and denied in part.

**IT IS HEREBY ORDERED** that the Motion for Conditional Certification (Doc. 19) is granted in part and denied in part as follows:

1. The Court conditionally certifies a collective action under 29 U.S.C.

§ 216(b) (Doc. 19) and permits the named Plaintiff to pursue relief with any similarly situated individual as described below:

> All current and former "Customer Service Team Leads" (1) who were employed by Vixxo throughout the United States from three years prior to the issuance of the Notice to present, and (2) who were not paid overtime compensation for hours worked beyond forty (40) in a week at a rate not less than one and one-half (1.5) times their regular wage, and (3) who sign an agreement to join the class.

2. **Within fourteen (14) days** of the date of this Order, Defendants shall provide Plaintiff's counsel with names, last known mailing address, last known email addresses, and dates of employment for all potential class members;

3. Parties shall meet and confer concerning the proper form, content, and method to notify potential class members, and **within thirty (30) days**, the parties shall file the proposed Notice and any objections with the Court.

Dated this 3rd day of January, 2018.

_____
Honorable G. Murray Snow
United States District Judge